**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DARLENE SOLOMON,**

    **Plaintiff,**

v.                                                                                    Case No:

**NAVIENT SOLUTIONS, LLC**,

    **Defendant.**                                            **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **DARLENE SOLOMON** ("Ms. Solomon" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **NAVIENT SOLUTIONS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system, artificial voice, or prerecorded message to place calls to Ms. Solomon's cellular telephone after Ms. Solomon demanded that Defendant stop calling her, which can reasonably be expected to harass Ms. Solomon.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Solomon, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Solomon is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-5952 ("Ms. Solomon's Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of VA and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8. In or around 2006, Ms. Solomon opened a student loan account with Defendant ("Account").

9. Sometime thereafter, Ms. Solomon encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10. In or around July 2018, Defendant began placing calls to Ms. Solomon's Cellular Telephone in attempts to collect the Debt.

11. Ms. Solomon spoke with Defendant in early July 2018 and told Defendant that she was working part-time and could not afford the payments on the Account.

12. On July 25, 2018, Ms. Solomon spoke to Defendant again and told Defendant to stop the calls to her Cellular Telephone.

13. Despite Ms. Solomon's demand, Defendant continued to place calls to Ms. Solomon's Cellular Telephone in attempts to collect the Debt.

14. Defendant has called Ms. Solomon's Cellular Telephone at least one hundred (100) times during the time period from July of 2018 to the present date.

15. Defendant called Ms. Solomon's Cellular Telephone from several different telephone numbers, including, but not limited to: 202-899-1339 and 888-272-5543.

16. Defendant called Ms. Solomon's Cellular Telephone up to four (4) times in a single day.

17. All of Defendant's calls to Ms. Solomon's Cellular Telephone were placed in an attempt to collect the Debt.

18. Defendant has harassed Ms. Solomon due to the timing and frequency of Defendant's calls.

### Count 1: Violation of the Telephone Consumer Protection Act

19. Ms. Solomon re-alleges paragraphs 1-18 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Ms. Solomon revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message on or around July 25, 2018 when she told Defendant to stop the calls to her Cellular Telephone.

22. Despite Ms. Solomon's demand, Defendant thereafter called Ms. Solomon's Cellular Telephone at least one hundred (100) times.

23. Defendant did not place any emergency calls to Ms. Solomon's Cellular Telephone.

24. Defendant willfully and knowingly placed non-emergency calls to Ms. Solomon's Cellular Telephone.

25. Ms. Solomon knew that Defendant called Ms. Solomon's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

26. Ms. Solomon knew that Defendant called Ms. Solomon's Cellular Telephone using a prerecorded voice because Defendant left Ms. Solomon several voicemails using a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Solomon's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Solomon's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Solomon's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Solomon's Cellular Telephone.

31. At least one call that Defendant placed to Ms. Solomon's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Ms. Solomon's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Ms. Solomon's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Ms. Solomon's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Ms. Solomon's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Ms. Solomon.

37. Defendant has recorded more than one conversation with Ms. Solomon.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Solomon, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Solomon's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Solomon, despite individuals like Ms. Solomon revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Solomon's Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Ms. Solomon despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

43. Defendant's phone calls harmed Ms. Solomon by trespassing upon and interfering with Ms. Solomon's rights and interests in her Cellular Telephone line.

44. Defendant's phone calls harmed Ms. Solomon by wasting her time.

45. Defendant's phone calls harmed Ms. Solomon by being a nuisance and causing her aggravation.

46. Defendant's phone calls harmed Ms. Solomon by causing her embarrassment.

47. Defendant's phone calls harmed Ms. Solomon by causing her emotional distress.

48. Defendant's phone calls harmed Ms. Solomon by causing her anxiety.

49. Defendant's phone calls harmed Ms. Solomon by causing her to lose sleep.

50. Defendant's phone calls harmed Ms. Solomon by causing a risk of personal injury to Ms. Solomon due to interruption and distraction.

51. Defendant's phone calls harmed Ms. Solomon by invading her privacy.

52. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

53. Ms. Solomon re-alleges paragraphs 1-18 and incorporates the same herein by reference.

54. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by continuing to places calls the Ms. Solomon's Cellular Telephone despite Ms. Solomon's demand that Defendant cease its calls and Ms. Solomon informing Defendant that she was working part-time and could not afford the payments on the Account, which can reasonably be expected to harass Ms. Solomon.

55. As a result of the above violations of the FCCPA, Ms. Solomon has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

56. Defendant's phone calls harmed Ms. Solomon by trespassing upon and interfering with Ms. Solomon's rights and interests in her Cellular Telephone line.

57. Defendant's actions harmed Ms. Solomon by wasting her time.

58. Defendant's actions harmed Ms. Solomon by being a nuisance and causing her aggravation.

59. Defendant's actions harmed Ms. Solomon by causing her embarrassment.

60. Defendant's actions harmed Ms. Solomon by causing her emotional distress.

61. Defendant's actions harmed Ms. Solomon by causing her anxiety.

62. Defendant's actions harmed Ms. Solomon by causing her to lose sleep.

63. Defendant's actions harmed Ms. Solomon by causing a risk of personal injury to Ms. Solomon due to interruption and distraction.

64. Defendant's actions harmed Ms. Solomon by invading her privacy.

65. It has been necessary for Ms. Solomon to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

66. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **DARLENE SOLOMON**, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 22, 2018**,

    */s/ Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    Florida Bar No. 74864
    mike@zieglerlawoffice.com

    */s/ Kaelyn Steinkraus*
    Kaelyn Steinkraus, Esq.
    Florida Bar No. 125132
    kaelyn@zieglerlawoffice.com

    Law Office of Michael A. Ziegler, P.L.
    13575 58th Street North, Suite 129
    Clearwater, FL 33760
    (p)  (727) 538-4188
    (f)  (727) 362-4778
    Attorneys and Trial Counsel for Plaintiff