UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARLENE SOLOMON,**

    Plaintiff,

v.     Case No:  8:18-cv-02635-JSM-JSS

**NAVIENT SOLUTIONS, LLC**,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW**, Plaintiff, **DARLENE SOLOMON** ("Ms. Solomon" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(b) hereby files this Response in Opposition to the Motion to Partially Dismiss Plaintiff's First Amended Complaint (Doc. No. 17) filed by Defendant, **NAVIENT SOLUTIONS, LLC** ("Defendant"), and in support thereof states as follows:

**I.     INTRODUCTION**

Defendant's Partial Motion to Dismiss should be denied because it is premature and improper at this early stage of litigation as it relies upon materials outside the four corners of the pleadings. Plaintiff's First Amended Complaint alleges specific facts supporting Ms. Solomon's causes of action under her FCCPA claim that exceed the pleading standard under the applicable Federal Rules of Civil Procedure. Further, even if Defendant's Partial Motion to Dismiss were proper at this early stage of litigation, it should still be denied because Defendant is not a "guaranty agency" subject to HEA regulations; and even if Defendant were considered a "guaranty agency," the HEA does not preempt the FCCPA where the HEA requirements do not

put Defendant at risk of violating the FCCPA's harassment provision.

## II.     BACKGROUND

There is no doubt that we are currently in a nationwide student loan debt crisis. The one-sided history lesson in Defendant's Motion fails to mention a huge problem within that crisis, however—the widespread servicing problems, the harassing collection calls, and the lifelong chilling effect that the student loan debt crisis has on millions of consumers. Defendant is one of the largest for-profit, publicly traded student loan servicers in the United States, holding billions in assets. It is well known that Defendant has been named in countless lawsuits, including suits brought by the CFPB and five states (Illinois, Pennsylvania, Washington, California, and Mississippi), for its illegal student loan servicing practices. The CFPB's lawsuit alleges, in part, that Defendant's misleading and deceptive practices added $4 billion dollars in interest to the principal balances of student loan accounts in violation of the Fair Debt Collection Practices Act and related consumer protection laws.[1]

While Defendant claims in its Motion to be the white knight of the taxpayer, in its prior litigation filings and SEC filings, Defendant more accurately identifies its fiduciary duty not to the taxpayers, but to its *shareholders*. "There is no expectation that the servicer will 'act in the interest of the consumer,'" Defendant wrote in a court filing.[2] In Defendant's SEC filings, it acknowledges "Navient's risk management framework seeks to mitigate risk and appropriately balance risk *and returns*."[3] "Our current operations and compliance processes *may not satisfy*

---

[1] CFPB Sues Nation's Largest Student Loan Company Navient for Failing Borrowers at Every Stage of Repayment, https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-nations-largest-student-loan-company-navient-failing-borrowers-every-stage-repayment/ (last visited Jan. 15, 2019).
[2] Stacey Cowely, *The Accusations against Navient*, N.Y Times, Apr. 9, 2017, *available at* https://www.nytimes.com/2017/04/09/business/dealbook/accusations-navient.html.
[3] Navient Corporation, Annual Report (Form 10-K) at 21 (Dec. 31, 2017) (emphasis added) *available at* https://navient.com/assets/about/investors/shareholder/annual-reports/NAVI_2017_Form_10-K_D13_2.26.18_FINAL.PDF.

*evolving regulatory standards*. Past practices or products may become the focus of examinations, inquiries or lawsuits."[4] Defendant's Motion represents Defendant's ongoing efforts to place profits ahead of compliance, and to place its shareholders ahead of the consumers whose student loans it services; but the Motion is both misplaced and improper, meriting complete denial.

As a threshold issue, Ms. Solomon's First Amended Complaint ("Complaint") does not allege that her student loans were made under the Federal Family Education Loan ("FFEL") program, which in turn means that Ms. Solomon's Complaint does not allege that her student loans are subject to the Higher Education Act of 1965 ("HEA") nor does Ms. Solomon's Complaint allege that Defendant is a "guaranty agency" subject to the HEA (which it is not). Instead, Ms. Solomon's Complaint alleges that she has student loans through Defendant and that Defendant's collection activity is the type of harassing creditor conduct that violates the FCCPA. (Doc. No. 11, Plaintiff's First Amended Complaint ("Compl."), ¶¶ 8-18, 57-70). In fact, Ms. Solomon's well-pled Complaint describes Defendant's collection activity of placing **over one hundred calls in three months <u>after</u>** Ms. Solomon told Defendant she could not afford payments on the subject account, with Defendant placing up to **four calls per day**, as the type of creditor conduct that far exceeds the requirement of **four total** "diligent efforts to contact the borrower by telephone" **over six months** regarding delinquency under the HEA, even if discovery shows that Ms. Solomon's student loans were made under the FFEL program. 34 C.F.R. § 682.411(c)-(f). (Compl., ¶¶ 11-16) (emphasis added).

Defendant's Motion requests that the Court "protect" the student loan servicer's ability to use their "best efforts" to collect loans made under the FFEL and related programs by dismissing

---

[4] Navient Corporation, Annual Report (Form 10-K) at 11 (Dec. 31, 2017) (emphasis added) *available at* https://navient.com/assets/about/investors/shareholder/annual-reports/NAVI_2017_Form_10-K_D13_2.26.18_FINAL.PDF.

Ms. Solomon's well-pled claim that Defendant's collection activity was harassment in violation of her consumer rights under the FCCPA. In response, Ms. Solomon requests that the Court instead decide to protect the consumer's ability to fight back against illegal collection activity under the FCCPA by denying Defendant's Motion in its entirety.

### III.     MEMORANDUM OF LAW

The Court should deny Defendant's Motion in full because: (1.) it raises factual issues that lie outside the four corners of Ms. Solomon's First Amended Complaint and is improper at this early stage of litigation, (2.) Defendant is not a "guaranty agency" for the purposes of the HEA, and (3.) the HEA does not preempt the FCCPA because the HEA requirements do not put the creditor at risk of violating the FCCPA.

**1. <u>Defendant's Motion raises factual issues that lie outside the four corners of Ms. Solomon's First Amended Complaint.</u>**

Fed. R. Civ. P. Rule 12(b)(6) motions to dismiss are viewed with disfavor and rarely granted. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12 (b) (6), the court must accept all factual allegations contained in the complaint as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (U.S. 2007); *Hall v. Global Credit & Collection Corp.*, No. 8:16-cv-1279-T-30AEP, 2016 WL 4441868, at *1 (M.D. Fla. Aug. 23, 2016). To overcome a motion to dismiss, a plaintiff must plead only sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). This threshold is low, as the Eleventh Circuit continues to read the pleading standard under *Twombly* as a standard that calls for only enough fact to raise a reasonable expectation that "discovery will reveal evidence of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F. 3d 1308, 1309-10 (11th

Cir. 2008). "A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

Further, this Court has previously denied a nearly identical motion to dismiss arguing HEA preemption filed by Defendant on grounds that the consumer plaintiff's complaint stated a plausible claim for relief under the FCCPA. *Gill v. Navient Solutions, LLC*, No. 23 8:18-cv-1388-T-26SPF (M.D. Fla. dismissed upon settlement Jan. 3, 2019). A district court generally may not consider any materials beyond the pleadings in ruling on a motion to dismiss. *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). When presented with materials outside the pleadings in a motion to dismiss, the court can decide to either exclude the additional facts or material and decide the motion on the complaint alone or convert the motion to a motion for summary judgment after providing the plaintiff with an opportunity to offer her own evidence and supporting documentation. *Property Mgmt. & Invest., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (internal citations omitted).

Here, Ms. Solomon's Complaint alleges that she opened a student loan account with Defendant, encountered financial difficulties thereafter, and fell behind on her payments towards the subject account. (Compl., ¶¶ 8-9). Ms. Solomon's Complaint goes on to allege that Defendant began placing collection calls to Ms. Solomon's cell phone in July 2018 in attempts to collect the past-due balance on the subject account. (Compl., ¶ 11). Ms. Solomon's Complaint alleges that in early July 2018 and on July 25, 2018, Ms. Solomon told Defendant that she was working part-time, could not afford payments on the subject account, and demanded that Defendant stop calling her cell phone. (Compl. ¶¶ 11-12). Ms. Solomon's Complaint alleges that Defendant called Ms. Solomon's cell phone over one hundred times total and up to four times

per day in attempts to collect the past-due balance on the subject account after she had explained her financial circumstances and demanded that Defendant's calls stop. (Compl., ¶¶ 13-16). Ms. Solomon's Complaint does not allege that Ms. Solomon's student loans were made under any of the programs that are subject to the HEA. (Compl. *Generally*).

In response to Ms. Solomon's Complaint, Defendant's Motion raises disputed issues of fact that lie well outside the four corners of Ms. Solomon's Complaint and impermissibly exceed the scope of a motion to dismiss. As a threshold matter, Defendant's Motion relies upon the premise that Ms. Solomon's student loans were made under one of the student loan programs that are subject to the HEA. This argument is improper at this early stage of litigation, however, when Ms. Solomon's Complaint does not specify which type of student loans she obtained through Defendant. Accordingly, Defendant's Motion raises issues of fact that lie outside the four corners of the pleadings and should be denied.

## 2. Defendant is not a "guaranty agency" for the purposes of the HEA

Even if Defendant's Motion were proper at this early stage of litigation, Defendant's arguments as to its requirements and preemption under the HEA are baseless because the U.S. Department of Education does not identify Defendant as a "guaranty agency" for the purposes of the HEA.[5] In *Cedeno v. Navient Solutions, LLC*, No. 0:16-cv-61049-AOR, 2017 WL 7794290 (S.D. Fla. Apr. 26, 2017), the court denied Defendant's motion for summary judgment that also relied upon *Williams v. Educ. Credit Mgmt. Corp.*, 88 F.Supp.3d 1338, 1345 (M.D. Fla. 2015), just as Defendant does here. The *Cedeno* court reasoned that "[u]nlike the caller in *Williams*, which was a "guaranty agency" subject to HEA regulations, Defendant is not listed as such by

---

[5] *Cohort Default Rates for Guaranty Agencies and Lenders, Appendix B: Guaranty Agency List*, FEDERAL STUDENT AID, AN OFFICE OF THE U.S. DEPT. OF EDUC. (Sept. 26, 2018) https://ifap.ed.gov/cdrguidelenderga/attachments/FY2015ThreeYearCDRforGAandlenderGuide.pdf.

the Department of Education." *Id.* The court found that *Williams* was inapposite based on the fact that Defendant was not identified as a "guaranty agency" subject to HEA regulations and thereby could not claim that the consumer plaintiff's FCCPA claims were preempted by the HEA. *Id*. at fn 2.

Further, assuming *arguendo* that Defendant was a "guaranty agency" in the instant case, courts have held that guaranty agencies are not automatically exempt from federal and state laws that aim to curtail harassing and abusive debt collection activity. *See Rowe v. Educ. Credit Mgmt Corp.*, 559 F.3d 1028, 1036 (9th Cir. 2009) ("[w]e hold that while a 'guaranty agency' owes a fiduciary obligation to the DOE under the HEA, the collection in this case was not 'incidental to' that obligation within the meaning of the FDCPA because the defendant acted solely as a collection agent.").

Simply put, Defendant is not identified as a 'guaranty agency' by the Department of Education. Defendant is thereby not subject to HEA requirements when collecting past-due balances on student loans and cannot rely upon the premise that the HEA preempts Ms. Solomon's FCCPA claim in this case. Defendant's Motion fails as a matter of law and should be denied in full.

### 3. The HEA does not preempt the FCCPA because the HEA requirements do not put Defendant at risk of violating the FCCPA's harassment provision

Defendant's position in its Motion that Ms. Solomon's FCCPA harassment claim under Fla. Stat. § 559.72(7) poses an "obstacle to NSL's exercise of due diligence when collecting on the Federal Loan" is unsupported when the HEA-required calls do not put a collector at risk of violations of the FCCPA. The relevant HEA requirement mandates that a guaranty agency place

Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss
*Solomon v. Navient Solutions, LLC*
Page **7** of **11**

**four total** due diligence calls regarding FFEL program delinquency **over six months**,[6] and it is well-settled that the FCCPA harassment threshold is significantly above that mandated due diligence. *See Cedeno*, 2017 WL 7794290, at *5, fn 2; *Gill*, No. 23 8:18-cv-1388-T-26SPF (internal citations omitted).

While there are three main types of preemption: express preemption, field preemption, and conflict preemption,[7] Defendant's Motion limits its arguments to conflict preemption while footnoting that "[b]ased on the wording of 34 C.F.R. § 682.411(o)(1), the standards for express and conflict preemption in this case are nearly identical. NSL thereby briefs both arguments through the lens of conflict preemption." It is not disputed that conflict preemption applies when "it is impossible to comply with both federal and state law when state law stands as an obstacle to achieving the objections of the federal law." *Cliff*, 363 F.3d at 122. Specific to Defendant's Motion, the Eleventh Circuit has recognized that a claim is conflict preempted only if (1.) it is not possible to comply with both the HEA and state law, or (2.) complying with state law would interfere with accomplishing the objectives of the HEA. *Daniels v. Navient Solutions, LLC*, 328 F.Supp.3d 1319, 1324 (M.D. Fla. 2018).

In *Daniels*, 328 F.Supp.3d at 1324, this Court held that "Defendant's preemption argument must fail. There is a strong presumption against preemption for matters that have typically been left to the States, and consumer protection is one of those traditionally state-regulated matters." (citing *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989)). Further, in *Cliff*, 363 F.3d at 1127, the Eleventh Circuit recognized that state consumer protection causes of action may co-exist compatibly with the objectives of Congress in enacting the HEA to "enable the Secretary of Education to encourage lenders to make student loans, to provide student loans

---

[6] 34 C.F.R. § 682.411(c)-(f) (emphasis added).
[7] *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 113, 122 (11th Cir. 2004).

to those students who might not otherwise have access to funds, to pay any portion of the interest on student loans, and to guarantee lenders against losses." *Daniels*, 328 F.Supp.3d at 1324.

This Court ultimately held that "[b]ecause it is possible for Defendant to comply with both the HEA and state law, and complying with state law would not interfere with accomplishing the objectives of the HEA of making, providing, and assisting with student loans, state law is not preempted by the HEA." *Id*. Notably, this Court completely rejected Defendant's rationale that the consumer plaintiff's FCCPA claims would interfere with HEA's goal of creating a "uniform structure" for servicing Direct Loans and held instead that "[u]niformity, however, is not one of Congress's expressed goals in enacting the HEA, and broadening the scope of that preemption statute would not rest upon a "fair understanding of congressional purpose."" *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 530 (1992).

Here, Defendant once again lodges its uniformity argument by claiming that should the Court fail to "find that the HEA preempts Solomon's Fla. Stat. § 559.72(7) claim as a matter of law," Defendant will be subjected to "varying state laws (and exposure to fact-intensive lawsuits under fifty separate sets of laws and court systems) and violate the purpose of the HEA. . ." In reality, however, the HEA requires that a guaranty agency (which Defendant is not) place **four total** due diligence calls regarding FFEL program delinquency **over six months**. 34 C.F.R. § 682.411(c)-(f) (emphasis added). Ms. Solomon's Complaint alleges that Defendant violated the FCCPA's harassment provision by placing **over one hundred calls in three months <u>after</u>** Ms. Solomon told Defendant she could not afford payments on the subject account, with Defendant placing up to **four calls per day**. Common sense dictates that Defendant's collection activity at issue here far exceeds the HEA "due diligence" requirements of a guaranty agency and

Defendant cannot shield itself with the HEA while abusing consumers with the sword of illegally harassing collection practices.

As correctly decided in *Cedeno*, 2017 WL 7794290, at fn 2, the Court here should not be led astray by Defendant's citation to the ultimate holding in *Williams*, 88 F.Supp.3d at 1345, which decision even acknowledged "that it is not impossible to comply with both the federal regulation and the state law. Indeed, nothing in the federal regulation requires that a guaranty agency behave unreasonably in its attempts to collect on a defaulted loan." *Id.* at 1346. Defendant's Motion should be denied as a matter of law because the HEA does not preempt the FCCPA where the HEA requirements of **four collection calls over six months** do not put Defendant at risk of violating the FCCPA's harassment provision.

## IV.     CONCLUSION

As a threshold matter, the Court should deny Defendant's Motion as it raises factual issues that lie outside the four corners of Ms. Solomon's Complaint and is improper at this stage of litigation.

Should the Court find that Defendant's Motion is proper at this point, however, Defendant's Motion is ironically instructive by identifying that "the key question, then, is whether subjecting NSL to liability under Fla. Stat. § 559.72(7), which makes it unlawful to "willfully communicate with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass," would hinder NSL's ability to meet any of its obligations under the HEA's regulations."[8] The Court should answer this question with a resounding "no" when Defendant is not a "guaranty agency" subject to the HEA, and when the

---

[8] Defendant's Motion, p. 9.

HEA does not preempt the FCCPA because the HEA requirement of **four collection calls over six months** does not put Defendant at risk of violating the harassment provision of the FCCPA.

**WHEREFORE**, Plaintiff, **DARLENE SOLOMON**, respectfully requests this Court deny Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint with Prejudice in its entirety, order that Defendant file an Answer and Affirmative Defenses, if any, to Plaintiff's First Amended Complaint within fourteen (14) days of entry of such order, and for such other and further relief this Court deems just and equitable under the premise.

Respectfully submitted this **January 22, 2019**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

*/s/ Michael Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **22** day of **January, 2019**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132